UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Kameshia Paige Davis,<br><br>  Plaintiff,<br><br>  v.<br><br>Nationstar Mortgage, LLC; Nationstar Mortgage Holdings, Inc.,<br><br>  Defendants. | Case No.<br><br>**Complaint**<br><br>Jury Trial Demanded |

PLAINTIFF KAMESHIA PAIGE DAVIS BRINGS THIS CIVIL ACTION FOR DAMAGES AND INJUNCTIVE RELIEF, AND ANY OTHER AVAILABLE LEGAL OR EQUITABLE REMEDIES, RESULTING FROM THE UNLAWFUL AND ABUSIVE ATTEMPTS BY NATIONSTAR MORTGAGE, LLC AND NATIONSTAR MORTGAGE HOLDINGS, INC. (TOGETHER "NATIONSTAR"), AND THEIR AGENTS TO COLLECT A DEBT, CAUSING PLAINTIFF DAMAGES. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## INTRODUCTION

1.   THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") WAS DESIGNED TO PREVENT CALLS LIKE THE ONES DESCRIBED

1

HEREIN, AND TO PROTECT THE PRIVACY OF CITIZENS LIKE PLAINTIFF. "VOLUMINOUS CONSUMER COMPLAINTS ABOUT ABUSES OF TELEPHONE TECHNOLOGY — FOR EXAMPLE, COMPUTERIZED CALLS DISPATCHED TO PRIVATE HOMES — PROMPTED CONGRESS TO PASS THE TCPA." *MIMS V. ARROW FIN. SERVS., LLC*, 132 S.CT. 740, 744 (2012).

    2.    IN ENACTING THE TCPA, CONGRESS INTENDED TO GIVE CONSUMERS A CHOICE AS TO HOW CORPORATE ENTITIES MAY CONTACT THEM, AND MADE SPECIFIC FINDINGS THAT "[T]ECHNOLOGIES THAT MIGHT ALLOW CONSUMERS TO AVOID RECEIVING SUCH CALLS ARE NOT UNIVERSALLY AVAILABLE, ARE COSTLY, ARE UNLIKELY TO BE ENFORCED, OR PLACE AN INORDINATE BURDEN ON THE CONSUMER." TCPA, PUB. L. NO. 102-243, § 11. IN SUPPORT OF THIS, CONGRESS FOUND THAT:

> [B]ANNING SUCH AUTOMATED OR PRERECORDED TELEPHONE CALLS TO THE HOME, EXCEPT WHEN THE RECEIVING PARTY CONSENTS TO RECEIVING THE CALL OR WHEN SUCH CALLS ARE NECESSARY IN AN EMERGENCY SITUATION AFFECTING THE HEALTH AND SAFETY OF THE CONSUMER, IS THE ONLY EFFECTIVE MEANS OF PROTECTING TELEPHONE CONSUMERS FROM THIS NUISANCE AND PRIVACY INVASION.

3. CONGRESS ALSO SPECIFICALLY FOUND THAT "THE EVIDENCE PRESENTED TO THE CONGRESS INDICATES THAT AUTOMATED OR PRERECORDED CALLS ARE A NUISANCE AND AN INVASION OF PRIVACY, REGARDLESS OF THE TYPE OF CALL..." *ID.*, AT §§ 12-13; *SEE ALSO MIMS*, 132 S.CT. AT 744.

4. PLAINTIFF RECEIVED MORE THAN THREE HUNDRED AUTO-DIALED CALLS TO HER CELLULAR TELEPHONE FROM NATIONSTAR, EACH PLACED IN AN ATTEMPT TO COLLECT ON A CONSUMER DEBT, AND EACH PLACED WITHOUT HER PRIOR EXPRESS CONSENT. THE CALLS ALSO VIOLATED THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT ("FCEUA"), 73 P.S. § 2270.1 *ET SEQ.*

## JURISDICTION

5. JURISDICTION OF THIS COURT ARISES UNDER 28 U.S.C. § 1331 AND PURSUANT TO 47 U.S.C. § 227, AND 28 U.S.C § 1367 FOR PENDENT STATE LAW CLAIMS.

6. VENUE IS PROPER IN THIS DISTRICT BECAUSE NATIONSTAR DOES BUSINESS HERE AND PLAINTIFF RESIDES HERE.

///

///

## PARTIES

7. PLAINTIFF KAMESHIA PAIGE DAVIS IS A NATURAL PERSON RESIDING IN PHILADELPHIA COUNTY, COMMONWEALTH OF PENNSYLVANIA, AND IS A "CONSUMER" AS DEFINED BY THE TCPA, SPECIFICALLY 47 U.S.C. § 153(10), AND THE FCEUA, SPECIFICALLY 73 P.S. § 2270.3, AND IS A "PERSON" AS DEFINED BY SECTION 201-2(2) OF THE PUTCPL.

8. PLAINTIFF IS THE ACCOUNT HOLDER AND EXCLUSIVE USER OF CELLULAR TELEPHONE SERVICE WHICH HAS BEEN ASSIGNED THE TELEPHONE NUMBER (412) XXX-2883 (THE "2883 NUMBER"). PLAINTIFF HAS MAINTAINED THE 2883 NUMBER SINCE AT LEAST 2001 AND DURING THE ENTIRE TIME THROUGH THE DATE OF FILING IT HAS BEEN ASSIGNED TO CELLULAR TELEPHONE SERVICE WITH T-MOBILE AND ITS PREDECESSORS IN INTEREST.

9. DEFENDANTS NATIONSTAR MORTGAGE LLC AND NATIONSTAR MORTGAGE HOLDINGS, INC., CONDUCT BUSINESS IN THE COMMONWEALTH OF PENNSYLVANIA AND WITHIN THIS JUDICIAL DISTRICT. BOTH DEFENDANTS ARE ORGANIZED UNDER THE LAWS OF THE STATE OF DELAWARE.

10. DEFENDANT NATIONSTAR MORTGAGE LLC IS A WHOLLY-OWNED SUBSIDIARY OF DEFENDANT NATIONSTAR MORTGAGE HOLDINGS, INC., AND IS ITS PRINCIPAL BUSINESS UNIT. IN CONJUNCTION WITH THE INITIAL PUBLIC OFFERING OF NATIONSTAR INC., IN MARCH 2012 NATIONSTAR MORTGAGE LLC BECAME A WHOLLY-OWNED INDIRECT SUBSIDIARY OF NATIONSTAR MORTGAGE HOLDINGS, INC. WHICH WAS FORMED SOLELY FOR THE PURPOSE OF REORGANIZING THE STRUCTURE OF THE COMPANY SO THAT THE COMMON STOCK ISSUER WAS A CORPORATION RATHER THAN A LIMITED LIABILITY COMPANY. AS SUCH, INVESTORS IN THE COMPANY OWN COMMON STOCK RATHER THAN EQUITY INTERESTS IN A LIMITED LIABILITY COMPANY. SHARES IN NATIONSTAR MORTGAGE HOLDINGS, INC. ARE TRADED ON THE NEW YORK STOCK EXCHANGE UNDER THE SYMBOL NSM.

11. DEFENDANTS NATIONSTAR MORTGAGE LLC AND NATIONSTAR MORTGAGE HOLDINGS, INC. ARE DEFINED AS A "PERSON" PURSUANT TO § 201-2(2) OF THE PUTCPL, A "PERSON," AS DEFINED BY 47 U.S.C. § 153(10), AND ARE ALSO "DEBT COLLECTORS" AS DEFINED BY THE FCEUA, 73 P.S. § 2270.3. DEFENDANTS

NATIONSTAR MORTGAGE LLC AND NATIONSTAR MORTGAGE HOLDINGS, INC. ARE AND AT ALL TIMES RELEVANT TO THE MATTERS ALLEGED HEREIN WERE ATTEMPTING TO COLLECT AND DID COLLECT MONEY FOR A DEBT OWED BY PLAINTIFF, WHICH QUALIFIES AS A "DEBT" AS DEFINED BY THE FCEUA.

12.    NATIONSTAR IS THE FIFTH-LARGEST RESIDENTIAL MORTGAGE LOAN SERVICER AND ONE OF THE TWO LARGEST LARGEST NON-BANK SERVICERS IN THE UNITED STATES AS MEASURED BY AGGREGATE UNPAID PRINCIPAL BALANCE OF LOANS SERVICED. ITS SERVICING PORTFOLIO CONSISTS OF OVER 2.3 MILLION LOANS WITH AN AGGREGATE UNPAID PRINCIPAL BALANCE OF $381.1 BILLION AS OF DECEMBER 31, 2014.  DEFENDANTS SERVICE MORTGAGE LOANS IN ALL 50 STATES, INCLUDING PENNSYLVANIA. A SIGNIFICANT PORTION OF THIS PORTFOLIO ARE DELINQUENT OR PAST DUE. AS NATIONSTAR'S CEO JAY BRAY WROTE IN A LETTER TO SHAREHOLDERS MADE PART OF ITS 2013 ANNUAL REPORT, "WE NOW SERVICE NEARLY AS MANY DELINQUENT HOMEOWNERS AS OUR LARGER COMPETITORS THAT ARE MORE THAN DOUBLE OUR SIZE, AND WE SERVICE THESE CUSTOMERS BY CHOICE . . . APPROXIMATELY 15% OF OUR 2.3

MILLION CUSTOMERS ARE FACING DIFFICULT SITUATIONS IN LIFE THAT MAKE PAYING THEIR MORTGAGE CHALLENGING."

### ALLEGATIONS OF FACT

13.   DIRECTLY AS WELL AS THROUGH ITS SUBSIDIARIES AND THIRD PARTY VENDORS, CONTRACTORS, AND AGENTS, NATIONSTAR EMPLOYS HUNDREDS OF PERSONS AT VARIOUS CALL CENTERS THROUGHOUT THE COUNTRY. THESE CALLING CENTERS USE AUTOMATIC TELEPHONE DIALING SYSTEMS AND COMPUTERIZED ACCOUNT INFORMATION TO TRACK, RECORD, AND MAINTAIN THE MILLIONS OF DEBTS SERVICED BY NATIONSTAR.

14.   A significant portion, if not a majority, of Nationstar's business operations are dedicated to servicing home mortgage loans that are in default, foreclosure, have been charged off by the original lender, or are subject to discharge in bankruptcy. According to Defendant Nationstar Mortgage Holdings, Inc.'s annual report for 2013, "A large percentage of the mortgage loans we service are higher risk loans, meaning that the loans are to less credit worthy borrowers or for properties the value of which has decreased. These loans are more expensive to service because they require more frequent interaction with customers and greater monitoring and oversight." Nationstar's regular business practice includes making

repeated phone calls to persons it believes responsible for paying past-due accounts.

15. On or about March 1, 2010, Plaintiff borrowed money to purchase her home in Philadelphia from Bank of America and executed a mortgage in favor of that company to secure the repayment of the loan. Plaintiff did not list the 2883 Number on the original application for credit nor did she at any time provide the 2883 Number to Bank of America or any successor in interest.

16. On or about June 1, 2013, servicing of Plaintiff's mortgage loan was transferred from Bank of America to Nationstar, who began a campaign of telephone harassment regarding what Nationstar insists is a single missed mortgage payment. Defendants or third parties acting on their behalf and/or under their direction and control placed and continue to place calls Plaintiff on the 2883 Number from telephone number (888) 811-5279. The calls are frequent and ongoing, as often as three times per day. Each call is made in an effort to collect on this allegedly missed payment, despite Plaintiff's repeated requests that they cease calling. In fact, Plaintiff believes that Nationstar has placed at least three hundred calls to Plaintiff from approximately June of 2013 through the time of filing.

17. Plaintiff has never missed a mortgage payment. She has a receipt for the alleged missed payment and at the request of various servicing agents working for Nationstar or on its behalf has sent that proof on a number of occasions to

them. However, because the proof of payment is not coded or categorized properly in Nationstar's servicing database, she is listed as a past-due account and the calls continue.

18. In total, Nationstar has made well over three hundred calls to the 2883 Number in an effort to collect on this allegedly past-due debt.

19. Each of the calls placed by Defendants were made by means of an automatic telephone dialing system as defined by the Federal Communications Commission. During many of the calls, Defendants left a message using an artificial or pre-recorded voice.

20. Plaintiff believes that there were additional calls placed by Nationstar to her cellular telephone number that were not preserved and seeks discovery to identify those additional calls.

21. PLAINTIFF NEVER USED THE 2883 NUMBER IN OR ON ANY DOCUMENTS DURING A TRANSACTION WITH DEFENDANTS (OR ANY CREDITOR), NOR DID SHE SUBSEQUENTLY GIVE HER EXPRESS CONSENT TO RECEIVING CALLS USING AN ARTIFICIAL VOICE.

22. IN CALLING PLAINTIFF ON HER CELLULAR TELEPHONE LINE MULTIPLE TIMES ARE VARIOUS TIMES PER DAY USING AN

AUTOMATIC TELEPHONE DIALING SYSTEM AND WITHOUT HER CONSENT, NATIONSTAR VIOLATED 47 U.S.C. § 227(B).

23. NATIONSTAR KNEW AT THE TIME IT PLACED EACH CALL TO PLAINTIFF THAT IT WAS REQUIRED TO COMPLY WITH THE TCPA AND WAS REQUIRED TO OBTAIN PLAINTIFF'S EXPRESS CONSENT BEFORE PLACING A CALL TO HER CELLULAR TELEPHONE NUMBER USING AN AUTODIALER. DEFENDANTS FURTHER KNEW THAT THEY COULD NOT USE AN ARTIFICIAL OR PRE-RECORDED VOICE WHEN CALLING THE 2883 NUMBER WITHOUT SIMILARLY FIRST OBTAINING PLAINTIFF'S EXPRESS CONSENT. DESPITE THIS KNOWLEDGE, DEFENDANTS VIOLATED THE TCPA HUNDREDS OF TIMES WHEN THEY CALLED PLAINTIFF USING AN AUTODIALER AT THE 2883 NUMBER WITHOUT HER CONSENT.

24. NATIONSTAR ALSO VIOLATED THE FCEUA, WHICH INCORPORATES THE SUBSTANTIVE PROVISIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.* 73 P.S. 2704(A). NATIONSTAR VIOLATED THE FDCPA'S SUBSTANTIVE PROVISIONS IN MULTIPLE WAYS, INCLUDING BUT NOT LIMITED TO:

A. CAUSING PLAINTIFF'S TELEPHONE TO RING REPEATEDLY OR CONTINUOUSLY WITH INTENT TO HARASS, ANNOY OR ABUSE PLAINTIFF (§1692D(5));

B. COMMUNICATING WITH PLAINTIFF AT TIMES OR PLACES WHICH WERE KNOWN OR SHOULD HAVE BEEN KNOWN TO BE INCONVENIENT FOR PLAINTIFF (§ 1692C(A)(1));

C. ENGAGING IN CONDUCT THE NATURAL CONSEQUENCE OF WHICH IS TO HARASS, OPPRESS, OR ABUSE PLAINTIFF (§1692D));

D. USING FALSE, DECEPTIVE, OR MISLEADING REPRESENTATIONS OR MEANS IN CONNECTION WITH COLLECTION OF A DEBT (§ 1692E);

E. FALSELY REPRESENTING THE CHARACTER, AMOUNT, OR LEGAL STATUS OR PLAINTIFF'S DEBT (§ 1692E(2)(A));

F. USING FALSE REPRESENTATIONS AND DECEPTIVE PRACTICES IN CONNECTION WITH COLLECTION OF AN ALLEGED DEBT FROM PLAINTIFF (§ 1692E(10));

      G. USING UNFAIR OR UNCONSCIONABLE MEANS AGAINST PLAINTIFF IN CONNECTION WITH AN ATTEMPT TO COLLECT A DEBT (§ 1692F); AND

      H. COLLECTING AN AMOUNT FROM PLAINTIFF THAT IS NOT EXPRESSLY AUTHORIZED BY THE AGREEMENT CREATING THE DEBT (§ 1692F(1)).

25. DEFENDANT HAS VIOLATED THE TCPA IN MULTIPLE WAYS BY MAKING PHONE CALLS TO THE 2883 NUMBER WITHOUT OBTAINING PLAINTIFF'S EXPRESS PERMISSION PRIOR TO:

      A. USING AN AUTOMATIC TELEPHONE DIALING SYSTEM TO MAKE A NON-EMERGENCY PHONE CALL; AND

      B. USING AN ARTIFICIAL OR PRE-REOCORDED VOICE TO MAKE A NON-EMERGENCY PHONE CALL.

26. AS A RESULT OF THE ABOVE VIOLATIONS OF THE FCEUA AND TCPA, PLAINTIFF SUFFERED AND CONTINUES TO SUFFER PERSONAL HUMILIATION, EMBARRASSMENT, MENTAL ANGUISH AND EMOTIONAL DISTRESS. DEFENDANTS ARE LIABLE TO PLAINTIFF FOR HER ACTUAL DAMAGES, STATUTORY DAMAGES, AS WELL AS COSTS OF SUIT AND ATTORNEYS' FEES.

///

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TCPA (47 U.S.C. § 227)

27. PLAINTIFF INCORPORATES BY REFERENCE ALL OF THE ABOVE PARAGRAPHS OF THIS COMPLAINT AS THOUGH FULLY STATED HERE.

28. THE ABOVE DESCRIBED ACTS AND OMISSIONS OF NATIONSTAR CONSTITUTE MULTIPLE AND NUMEROUS NEGLIGENT VIOLATIONS OF THE TCPA, INCLUDED BUT NOT LIMITED TO EACH AND EVERY ONE OF THE ABOVE-CITED PROVISIONS OF 47 U.S.C. § 227.

29. AS A RESULT OF DEFENDANTS' NEGLIGENT VIOLATIONS OF 47 U.S.C. § 227, PLAINTIFF IS ENTITLED TO AN AWARD OF COMPENSATORY DAMAGES OR AN AWARD OF $500.00 IN STATUTORY DAMAGES FOR EACH AND EVERY VIOLATION, WHICHEVER IS GREATER, PURSUANT TO 47 U.S.C. § 227(B)(3)(B).

30. PLAINTIFF IS ALSO ENTITLED TO AND SEEKS INJUNCTIVE RELIEF PROHIBITING SUCH CONDUCT IN THE FUTURE.

## SECOND CAUSE OF ACTION

## KNOWING AND WILLFUL VIOLATIONS OF THE TCPA (47 U.S.C. § 227)

31. PLAINTIFF INCORPORATES BY REFERENCE ALL OF THE ABOVE PARAGRAPHS OF THIS COMPLAINT AS THOUGH FULLY STATED HERE.

32. THE ABOVE DESCRIBED ACTS AND OMISSIONS OF NATIONSTAR CONSTITUTE MULTIPLE AND NUMEROUS WILLFUL AND KNOWING VIOLATIONS OF THE TCPA, INCLUDED BUT NOT LIMITED TO EACH AND EVERY ONE OF THE ABOVE-CITED PROVISIONS OF 47 U.S.C. § 227.

33. AS A RESULT OF DEFENDANTS' KNOWING AND WILLFUL VIOLATIONS OF 47 U.S.C. § 227, PLAINTIFF IS ENTITLED TO AN AWARD OF COMPENSATORY DAMAGES OR AN AWARD OF $1,500.00 IN STATUTORY DAMAGES FOR EACH AND EVERY VIOLATION, WHICHEVER IS GREATER, PURSUANT TO 47 U.S.C. § 227(B)(3)(B).

34. PLAINTIFF IS ALSO ENTITLED TO AND SEEKS INJUNCTIVE RELIEF PROHIBITING SUCH CONDUCT IN THE FUTURE.

## THIRD CAUSE OF ACTION

## VIOLATIONS OF THE FCEUA (73 P.S. § 2270.4)

35. PLAINTIFF INCORPORATES BY REFERENCE ALL OF THE ABOVE PARAGRAPHS OF THIS COMPLAINT AS THOUGH FULLY STATED HEREIN.

36. DEFENDANTS' ACTIONS, COUNTED ABOVE, VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT AS SPECIFIED AND ARE AS A CONSEQUENCE A VIOLATION OF THE FCEUA.

37. DEFENDANTS' ACTIONS, COUNTED ABOVE, CAUSED PLAINTIFF TO SUFFER AN ASCERTAINABLE LOSS OF MONEY OR PROPERTY AS THE RESULT OF THE USE OR EMPLOYMENT OF ACTS DECLARED UNLAWFUL BY THE FCEUA. AS A RESULT, DEFENDANTS ARE LIABLE TO PLAINTIFF FOR THREE TIMES THE AMOUNT OF HER ACTUAL DAMAGES, BUT NOT LESS THAN ONE HUNDRED DOLLARS ($100) IN ADDITION TO ANY OTHER RELIEF WHICH IS NECESSARY AND PROPER.

///

///

///

///

## JURY TRIAL DEMAND

38. PLAINTIFF DEMANDS A JURY TRIAL ON EACH OF THE CAUSES OF ACTION SET FORTH ABOVE, INCLUDING THE AMOUNT OF STATUTORY DAMAGES.

## PRAYERS FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, FOR THE FOLLOWING:

1. AN INJUNCTION AGAINST THE CALLING OF PLAINTIFF'S CELLULAR TELEPHONE BY DEFENDANTS AND ITS CONTRACTORS, AGENTS AND EMPLOYEES;
2. DAMAGES PURSUANT TO 47 U.S.C. § 227(B)(3);
3. DAMAGES PURSUANT TO 73 P.S. § 201-9.2(A);
4. COSTS OF LITIGATION AND REASONABLE ATTORNEYS' FEES PURSUANT TO 73 P.S. § 201-9.2(A);
5. SUCH OTHER AND FURTHER RELIEF AS THE COURT MAY DEEM JUST AND PROPER.

///

///

///

DATED: AUGUST 24, 2015          RESPECTFULLY SUBMITTED,

_____

CYNTHIA Z. LEVIN, ESQ. (BAR NO. 27050)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
1150 FIRST AVENUE, SUITE 501
KING OF PRUSSIA, PA 19406
PHONE: 888-595-9111 EXT 618
FAX: 866 633-0228
CLEVIN@ATTORNEYSFORCONSUMERS.COM

MARK ANKCORN (*PRO HAC VICE PENDING*)
ANKCORN LAW FIRM, PC
11622 EL CAMINO REAL, SUITE 100
SAN DIEGO, CALIFORNIA 92130
(619) 870-0600  TELEPHONE
(619) 684-3541  FAX

*ATTORNEYS FOR PLAINTIFF KAMESHIA PAIGE DAVIS*