IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KAMESHIA PAIGE DAVIS<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC;<br>NATIONSTAR MORTGAGE<br>HOLDINGS, INC. | CIVIL ACTION<br><br>NO. 15-CV-4944 |
|---|---|

**MEMORANDUM RE DEFENDANTS' MOTIONS**
**TO PARTIALLY DISMISS AND TO STAY**

**Baylson, J.**                                                                                                                        **January 4, 2016**

      This case, arising at a time when cell phones have achieved significant prominence in popular culture,[1] concerns allegations that Defendants used robocalls to Plaintiff's cell phone in an attempt to collect on a debt that Plaintiff does not owe.  For Plaintiff, such calls (whether placed late at night or otherwise) can only mean one thing: violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 et seq. (2015), and Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. Ann. §§ 2270.1 et seq. (2015).[2]

      Presently before the Court are two motions:

1. ECF 8 seeks dismissal of count three of Plaintiff's complaint (which alleges violations of the FCEUA) on grounds that Plaintiff's mortgage is exempt from the statute by virtue of being a purchase money mortgage;

2. ECF 9 seeks a stay of counts one and two (alleging violations of the TCPA) pending rulings by Supreme Court in Spokeo, Inc. v. Robins, No. 13-1339, and the D.C. Circuit in ACA International v. Federal Communications Commission, Case No. 15-1211.

---

[1] See, e.g., Adele, Hello, on 25 (XL Recordings 2015); Drake, Hotline Bling, single (Cash Money Records 2015).
[2] The TCPA was recently amended.  See Bipartisan Budget Act of 2015, Pub. L. No. 114-74, 129 Stat. 584 (Nov. 2, 2015).  The amendments do not impact this case, however.

1

For the reasons that follow, both Motions shall be granted (except the stay is granted as to a ruling in Spokeo only).

For purposes of the Motion to Dismiss, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Importantly, however, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (citations omitted).

For purposes of the Motion to Stay, "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997).  Although the Third Circuit has not endorsed a definitive formulation of factors to consider, courts in this Circuit engage in a balancing analysis to determine if a stay is appropriate. See Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 737-38 (3d Cir. 1983) (granting a stay requires "the exercise of judgment, which must weigh competing interests and maintain an even balance."); Duchene v. Westlake Servs., LLC, No. 2:13-CV-01577, 2015 WL 5947669, at *2 (W.D. Pa. Oct. 13, 2015) (factors to be examined include respective hardships of the parties and judicial economy).

**I. Background**

On March 1, 2010, Plaintiff executed a mortgage in favor of Bank of America to purchase a home in Philadelphia. First Am. Compl. ("FAC") ¶ 15. The mortgage states at Paragraph 22 that "[i]f any of the debt secured by this Security Instrument is lent to Borrower to

acquire title to the Property, this Security Instrument shall be a purchase money mortgage." ECF 13 (Def. Reply Ex. 1) at 13 of 20.[3]

On June 1, 2013, Bank of America transferred servicing of the loan to Defendants. FAC ¶ 18. Thereafter, acting on a purportedly mistaken belief that Plaintiff had missed a mortgage payment, Defendants began robocalling Plaintiff's cell phone as often as three times per day (and over 300 times in total) in an attempt to collect. FAC ¶¶ 4, 18-20. Plaintiff never gave her cell phone number to Defendants or any creditor and never consented to receiving these calls. FAC ¶ 23.

Plaintiff filed suit on August 31, 2015 and filed an amended complaint on November 24. ECF 1, 6. This Court has jurisdiction over the TCPA claims pursuant to 28 U.S.C. § 1331 (2015) and over the FCEUA claim pursuant to 28 U.S.C. § 1367 (2015).

## II. Motion to Dismiss Count Three (FCEUA)

Defendants argue that Plaintiff's FCEUA claim must fail because the statute exempts purchase money mortgages. 73 Pa. Cons. Stat. Ann. § 2270.3 (2015) ("[M]oney which is owed or alleged to be owed as a result of a loan secured by a purchase money mortgage on real estate shall not be included within the definition of debt."). Plaintiff does not deny that purchase money mortgages are exempt from the FCEUA, arguing instead that:

(1) The Court must accept as true Plaintiff's allegation that the mortgage was a traditional one (ECF 10 at 2);

---

[3] "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document <u>integral to or explicitly relied</u> upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment. The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated [w]here plaintiff has actual notice . . . and has relied upon these documents in framing the complaint." In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted) (alterations and emphasis in original). The Court may consider Plaintiff's mortgage in evaluating Defendants' Motion to Dismiss without converting the Motion into one for summary judgment because "the mortgage's authenticity is uncontested and it is integral to plaintiffs' claims." <u>Rubenstein v. Dovenmuehle Mortg., Inc.</u>, Civil Action No. 09-721, 2009 WL 3467769, at *5 (E.D. Pa. Oct. 28, 2009).

(2) The Court cannot verify that the mortgage meets Pennsylvania's statutory definition of "purchase money mortgage" without examining extrinsic evidence (id.); and

(3) Whether the mortgage is a purchase money mortgage is a question of fact (id.).

The Court can summarily reject all three of these arguments and notes Plaintiff cannot cite a single case in support of any one of them denying a motion to dismiss.

First, the question of whether Plaintiff's mortgage is a traditional mortgage or purchase money mortgage is a legal question and the Court is not bound by Plaintiff's characterization. Ashcroft, 556 U.S. at 678; James v. City of Wilkes-Barre, 700 F.3d 675, 681 (3d Cir. 2012) (holding that "a legal conclusion artfully pleaded as a factual assertion [] is not entitled to a presumption of truth.").

Second, as noted above, this Court can examine the mortgage without converting Defendant's Motion into one for summary judgment because the document is integral to Plaintiff's claims and its authenticity has not been questioned. In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Rubenstein v. Dovenmuehle Mortg., Inc., Civil Action No. 09-721, 2009 WL 3467769, at *5 (E.D. Pa. Oct. 28, 2009).

Finally, Plaintiff's mortgage clearly meets the statutory definition of a purchase money mortgage under Pennsylvania law because it states that it is intended to be a purchase money mortgage. See 42 Pa. Con. Stat. Ann. § 8141(1)(ii) (2015) (a purchase money mortgage can exist between a third party mortgagee (i.e., a mortgagee other than the seller of the property) to secure a debt for money used by the mortgagor to purchase the property if the mortgage expressly states that it is intended to be a purchase money mortgage); ECF 13 (Def. Reply Ex. 1) at 13 of 20 ("If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage").

Because Plaintiff's mortgage is a purchase money mortgage, it is exempt from the FCEUA.  Accordingly, Defendant's Motion to Dismiss shall be granted with prejudice.

**III. Motion to Stay Counts One and Two (TCPA)**

**A. The Court Will Stay This Case Pending a Ruling in Spokeo**

On November 2, 2015, the Supreme Court heard oral argument in the case of Spokeo, Inc. v. Robins, No. 13-1339.  That case will address the issue of "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."[4]  Although Spokeo deals with the Fair Credit Reporting Act, it could have an impact on this case because the TCPA similarly has a statutory damages provision.  See Duchene, 2015 WL 5947669, at *3 ("Spokeo may well conclude that the Plaintiff lacks standing, or, as discussed above, bring Duchene's standing directly into dispute").[5]  At least six district courts have granted stays of TCPA actions pending the outcome of Spokeo.[6]

Here, a balance of the interests weighs in favor of staying this case until the Supreme Court rules.  To begin, the only prejudice Plaintiff has identified if the Court issues the stay is the purported fact that "[a]s time goes on, memory fades, people with knowledge of the case leave,

---

[4] This framing of the Question Presented comes from the Supreme Court's website.  See http://www.supremecourt.gov/qp/13-01339qp.pdf (last visited Dec. 30, 2015).

[5] Duchene, a TCPA action, rejected a similar argument to one advanced by Plaintiff here that Spokeo will have no bearing on this litigation because an actual injury allegedly exists in this case.  2015 WL 5947669, at *1 ("Though Duchene asserts that Spokeo has no bearing on the present litigation because there is an actual injury here—above and beyond the statutory violation—this claim is yet untested. Westlake has not yet contested the actual injury issue because a statutory violation is sufficient to create standing under current Third Circuit law. See Alston v. Countrywide Fin. Corp., 585 F.3d 753, 763 (3d Cir.2009). However, if Spokeo upends that present state of the law, questions surrounding Duchene's actual injury will slingshot to the forefront of this case, and Duchene's standing would be called into question.").

[6] Luster v. Sterling Jewelers, 1:15-cv-2854-WSD, slip op. (N.D. Ga. Dec. 17, 2015) (ECF 12-1 Def. Ex. A); Tel. Sci. Corp. v. Hilton Grand Vacations Co., LLC, Case No. 6:15-cv-969-Orl-41DAB, 2015 WL 7444409, at *3 (M.D. Fla. Nov. 20, 2015); Mackiewicz v. Nationstar Mortg., LLC, Case No.6:15-CV-00465-Orl-18GJK (M.D. Fla. Nov. 10, 2015)  (ECF 9-1 Def. Ex. C); Eric B. Fromer Chiropractic, Inc. v. N.Y. Life Ins. & Annuity Corp., Case No.: CV 15-04767-AB (JCx), 2015 WL 6579779 (C.D. Cal. Oct. 19, 2015); Duchene v. Westlake Servs., LLC, No. 2:13-cv-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015); Boise v. Ace USA, Inc., No. 15-Civ-21264, 2015 WL 4077433, at *5-6 (S.D. Fla. July 6, 2015).

and Plaintiff's evidence pool becomes smaller and smaller" (ECF 11 at 3).[7] This is unconvincing, especially because the stay will likely last at most until June or July 2016, when the Supreme Court's current term ends. Duchene, 2015 WL 5947669, at *3 (citations omitted) ("A relatively short delay of definite duration would not likely affect the availability of evidence or the memory of witnesses, especially where we have no specific facts or reasoning that indicate otherwise.").

Defendants, by contrast, could be prejudiced if forced to expend substantial resources in litigation only for Spokeo to rule that this Court lacks jurisdiction to resolve this case. See Duchene, 2015 WL 5947669, at *3. The Court, too, has an interest in judicial economy in waiting to see if Spokeo resolves this case on jurisdictional grounds. Id.

In conclusion, a stay is appropriate until the Supreme Court decides Spokeo.

**B. The Court Defers Ruling on Issuing a Stay Based on the Pendency of ACA International**

In light of the Court's holding above, a decision to stay pending resolution of the D.C. Circuit's ACA International case is moot until the Spokeo stay has been lifted. As detailed in the accompanying Order, after Spokeo Plaintiff may move this Court to lift the stay and Defendants may revisit their request to extend the stay until after ACA International has been decided. The stay will remain in place pending further order of the Court.

An appropriate Order follows.

O:\CIVIL 15\15-4944 davis v nationstar\15cv4944.2016.01.04.memo re mtd.docx

---

[7] While Plaintiff adds that "Defendants fail to indicate to the Honorable Court in its Request for a Stay of proceedings, whether it [sic] has, or intends to materially alter its practices, despite being faced with the instant lawsuit," ECF 11 at 7, Plaintiff has not averred in her Opposition that the calls have continued since the time her complaint was filed and Plaintiff is not bringing suit on behalf of a class. If the calls do continue, Plaintiff shall bring that fact to the Court's attention and the Court may reconsider the issue of whether a stay is appropriate.